FILED LODGED
RECEIVED COPY
OCT 29 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY DEPUTY

# UNITED STATES DISTRICT COURT

for the

ARIZONA District of PHOENIX

__________ Division

VINOD KUMAR JAYABALAN

Plaintiff(s)

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

POSSIBLE
ALL S&P500 COMPANIES, NASDAQ100
VOO/QQQ, SPY, BTC

Defendant(s)

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. CV26-10096-PHX-SHD

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | VINOD KUMAR JAYABALAN |
| Street Address | 9550 E THUNDERBIRD RD, UNIT 234 |
| City and County | SCOTTSDALE, ~~AZ~~ MARICOPA |
| State and Zip Code | ARIZONA, 85260 |
| Telephone Number | 6025181973 |
| E-mail Address | vinod82@gmail.com. |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | APPLE INC |
| Job or Title *(if known)* | |
| Street Address | ONE APPLE PARKWAY, |
| City and County | CUPERTINO, CA |
| State and Zip Code | 95014 |
| Telephone Number | 408 996-1000 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | GOOGLE |
| Job or Title *(if known)* | |
| Street Address | 1600 AMPHITHEATRE PARKWAY |
| City and County | MOUNTAINVEW, CA 94043 |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | BROADCOM, AVGO |
| Job or Title *(if known)* | |
| Street Address | 3421 HILLVIEW AVE |
| City and County | PALO ALTO |
| State and Zip Code | CA - 94304 |
| Telephone Number | ~~60~~ 650-427-6000 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | AMAZON AMZN |
| Job or Title *(if known)* | |
| Street Address | 410 TERRY AVE N |
| City and County | SEATLE, |
| State and Zip Code | WA, 98109 |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

SEE ON SEPARATE PAGE

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* VINOD KUMAR JAYABALAN, is a citizen of the State of *(name)* ARIZONA.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ________, is incorporated under the laws of the State of *(name)* ________, and has its principal place of business in the State of *(name)* ________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ________, is a citizen of the State of *(name)* ________. Or is a citizen of *(foreign nation)* ________.

**JURISDICTION**, NATURE OF CLAIM, AND PROPOSED AMOUNT IN CONTROVERSY

**Proposed Court: United States District Court for the District of Arizona**

**1. Subject-Matter Jurisdiction**

Plaintiff requests that the Court determine whether it has subject-matter jurisdiction over the claims described in this complaint.

Federal-question jurisdiction may exist under 28 U.S.C. § 1331 if the claims arise under the Constitution, laws, or treaties of the United States. Diversity jurisdiction may exist under 28 U.S.C. § 1332 if the statutory requirements concerning the citizenship of the parties and the amount in controversy are satisfied.

Plaintiff acknowledges that the specific legal basis for each claim must be identified and supported by the facts and applicable law. Plaintiff does not contend that the proposed amount of damages, trading activity, or preliminary research estimates independently establish federal jurisdiction.

**2. Nature and Scope of the Proposed Claim**

Plaintiff seeks an objective examination of historical stock-market movements and potential excess increases in market valuations during the period from 2021 through 2026.

During portions of this period, Plaintiff personally engaged in buying and selling financial instruments associated with the S&P 500 and Nasdaq-100 markets, including SPX options and the exchange-traded funds SPY, VOO, and QQQ.

Plaintiff intends to examine historical market prices, price spikes, trading records, market capitalization data, relevant timestamps, and other available information to evaluate whether particular market movements warrant further investigation.

The proposed scope of the research may include companies represented in the S&P 500 and Nasdaq-100 indexes. Plaintiff acknowledges that the indexes contain different sets of companies, that the relevant constituents may change over time, and that trading index-based instruments does not by itself establish that every company represented in either index caused a market movement or is legally liable to Plaintiff.

Any claim against an individual company would require identification of the relevant defendant, specific conduct, applicable legal basis, causation, and legally recoverable damages.

**3. Preliminary Proposed Amount of Up to $45 Trillion**

Plaintiff currently identifies up to $45 trillion as a preliminary proposed amount associated with the contemplated claims involving the S&P 500 and Nasdaq-100 markets.

This figure is not represented as a final, audited, independently verified, or legally established damages calculation. It is a preliminary estimate that remains subject to further research, review, and revision.

The proposed period of examination is 2021 through 2026, reflecting the period during which Plaintiff reports having engaged in trading and related observations. Plaintiff's precise periods of active participation and the relevant transactions will need to be established through available records.

The amount may change substantially as Plaintiff examines historical market data, index constituents, individual share-price movements, market capitalization calculations, trading records, and the methodology used to estimate any alleged excess valuation.

Plaintiff acknowledges that an increase in market capitalization is not necessarily a loss suffered by Plaintiff or an amount legally owed to Plaintiff. Any damages ultimately requested would need to be supported by evidence and an applicable legal theory.

**4. Plaintiff's Personal Activity, Energy, Computer Hardware, Software, and Accessories**

Plaintiff requests that the research also consider whether Plaintiff's personal activity and observations concerning energy, computer hardware, processor performance, software, and related accessories or equipment used during the relevant period have any measurable relationship to the timing or speed of observed stock-market movements.

Plaintiff's preliminary theory is that these factors may warrant technical examination alongside independently verifiable market data. Plaintiff would like to compare relevant dates and timestamps, available computer and software logs, equipment specifications, and historical price movements where reliable records are available.

Plaintiff acknowledges that no causal relationship between Plaintiff's personal energy, computer equipment, software, accessories, or individual activities and broader stock-market movements has been established. These matters are presented as subjects for investigation, not as proven causes of market movements or established wrongdoing by any company or individual.

Any conclusion concerning causation would require reliable technical evidence, an appropriate scientific methodology, and consideration of other factors that may affect stock prices.

**TradingView Software and Computer Hardware Performance**

Plaintiff identifies TradingView as one of the software platforms used or considered in connection with the Plaintiff's stock-market research and trading activities during the relevant period, to the extent confirmed by available records.

TradingView provides charting, technical indicators, market-analysis tools, alerts, and other features used by traders to monitor financial instruments and evaluate price movements. Plaintiff's computer hardware, processor performance, memory, and related accessories supported the use of trading and analytical software.

Plaintiff's preliminary hypothesis is that the interaction between trading software, computer hardware performance, software processing, and other technical factors warrants examination as part of the broader investigation into observed stock-market movements and potential market-valuation changes.

Plaintiff acknowledges that no evidence presently establishes that TradingView, its software features, the Plaintiff's computer hardware, or their combined operation caused inflation or accelerated stock-market

movements. Plaintiff requests that any proposed relationship be evaluated using independently verifiable technical records, system specifications, timestamps, and historical market data.

This subject is included as an avenue for technical investigation and is not, by itself, an allegation that TradingView or its operator committed wrongdoing or is legally responsible for any alleged financial injury.

**5. Evidence, Methodology, and Further Review**

Plaintiff intends to distinguish documented facts from preliminary estimates and hypotheses. Plaintiff seeks to develop a transparent methodology using reliable historical market data, clearly defined comparison periods, consistent valuation measures, and available personal trading records.

Plaintiff also intends to distinguish between market-wide changes in valuation, individual share-price movements, Plaintiff's own trading gains or losses, and any damages that may be legally recoverable.

The proposed amount of up to $45 trillion may be revised, reduced, increased, or withdrawn as further evidence and analysis become available. Plaintiff does not represent that this amount has already been proven to be owed by the companies concerned.

**6. Demand for Relief**

Subject to establishing a valid legal basis, proper jurisdiction, causation, and legally recoverable damages, Plaintiff requests such relief as may be available under applicable law.

Plaintiff further requests an objective evaluation of the documented evidence and the opportunity to present any legally sufficient claims supported by that evidence.

Plaintiff reserves the right to revise the proposed amount and the scope of the claims as permitted by the applicable procedural rules and the evidence developed in the case.

b. If the defendant is a corporation

The defendant, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________, and has its principal place of business in the State of *(name)* ______________________.

Or is incorporated under the laws of *(foreign nation)* ______________________, and has its principal place of business in *(name)* ______________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE ON NEXT PAGE

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

**STATEMENT OF CLAIM**

Proposed Filing: United States District Court for the District of Arizona

Plaintiff: Vinod Kumar Jayabalan
Defendants: [Identify each defendant and the legal basis for the claim against that defendant]
Proposed Amount Requested: Up to $45 Trillion, Preliminary and Subject to Revision

1. Nature of the Claim

Plaintiff seeks an objective examination of historical stock-market movements, potential excess increases in market valuations, and the factors that may have contributed to those movements during the period from 2021 through 2026.

Plaintiff's proposed research concerns the S&P 500 and Nasdaq-100 markets, including price movements and market capitalization changes involving companies represented in those indexes. Plaintiff seeks to determine whether any specific conduct or other factors can be established through reliable evidence and whether any resulting injury gives rise to a legally recognized claim for relief.

Plaintiff acknowledges that the existence of market-price increases or changes in market capitalization does not, by itself, establish wrongdoing or an entitlement to compensation.

**2. Plaintiff's Trading Activity and Observations**

From 2021 through 2026, Plaintiff engaged in buying and selling financial instruments associated with the broader stock market, including SPX options and the exchange-traded funds SPY, VOO, and QQQ. Plaintiff's trading activity occurred during portions of this period, with a gap of approximately one to two years, according to Plaintiff's recollection. The exact dates and transactions are subject to verification through available trading records.

During and around portions of this period, Plaintiff observed stock-price movements and spikes that Plaintiff believes warrant further examination. Plaintiff seeks to compare those observations with historical market data, transaction timestamps, index performance, and relevant changes in market capitalization.

Plaintiff's trading in these instruments provided exposure to indexes or baskets of securities associated with numerous companies. However, Plaintiff recognizes that trading SPX, SPY, VOO, or QQQ does not establish that every company represented in the relevant indexes caused a particular price movement or is legally responsible for any loss.

**3. Scope of the Companies and Markets Under Examination**

The proposed research may include companies represented in the S&P 500 and Nasdaq-100 during the relevant periods, potentially involving hundreds of companies.

Plaintiff intends to examine whether identifiable price movements, market events, or specific conduct by particular entities can be supported by evidence. The companies and other parties that may properly be named as defendants must be determined by identifying the relevant conduct, the applicable legal basis, and the evidence connecting each defendant to a legally recognized injury.

Plaintiff does not assert that all S&P 500 or Nasdaq-100 companies are liable merely because their shares or associated index products experienced price increases or spikes.

**4. Preliminary Market-Valuation Estimate and Proposed Amount**

Plaintiff's preliminary research has raised a question concerning whether historical market capitalization increases exceeded a reasonable comparison baseline over the relevant period. Plaintiff intends to examine historical averages, medians, index constituents, market capitalization figures, and other relevant measures to evaluate that question.

Plaintiff currently proposes up to $45 trillion as a preliminary, non-final amount associated with the contemplated claims involving the S&P 500 and Nasdaq-100 markets.

This amount is not an audited or independently verified calculation, and Plaintiff does not represent that it is an established loss or an amount legally owed to Plaintiff. The figure is subject to change as the data, comparison methodology, relevant time periods, and supporting evidence are reviewed.

Plaintiff recognizes that aggregate increases in market capitalization are not automatically equivalent to damages suffered by Plaintiff. Any damages sought in court must be tied to a valid legal claim and supported by evidence of legally recoverable injury, causation, and an appropriate method of calculation.

**5. Plaintiff's Energy, Computer Hardware, Software, and Accessories**

Plaintiff also requests that the research consider a preliminary hypothesis concerning whether Plaintiff's personal activity and observations involving energy, computer hardware, processor performance, software, and other computer accessories or equipment used during the relevant period have any measurable relationship to the timing or speed of observed stock-market movements.

Plaintiff believes these observations warrant examination alongside independently verifiable market data. Potential avenues of investigation may include available computer and software logs, equipment specifications, relevant timestamps, and historical price movements.

Plaintiff acknowledges that no causal relationship between Plaintiff's personal energy, computer hardware, software, accessories, or activities and broader stock-market movements has been established. This theory is presented as a hypothesis for objective investigation, not as a proven explanation or an established allegation of wrongdoing by any company or individual.

Any conclusion would require reliable technical evidence and an appropriate methodology that considers other possible explanations for market movements.

**TradingView, Trading Tools, and Hardware Performance**

Plaintiff identifies TradingView as a relevant software platform for examination in connection with the Plaintiff's trading activities and market observations during portions of the 2021–2026 period.

TradingView offers a range of charting and technical-analysis features, including indicators, alerts, and tools for monitoring market prices. Plaintiff's computer hardware, processor, memory, and related accessories supported the operation of trading and analytical software.

Plaintiff's preliminary theory is that the combined use of advanced trading software, multiple analytical tools, computer processing capabilities, and other technical resources may warrant examination when evaluating the timing and speed of observed stock-price movements.

Plaintiff would like to compare available computer specifications, software activity and system logs, relevant timestamps, and historical market data where reliable records exist. The objective would be to determine whether any measurable relationship can be demonstrated through a technically sound and independently verifiable methodology.

Plaintiff acknowledges that the use of TradingView or high-performance computer hardware does not establish that either caused market-wide inflation, increased the value of securities, or accelerated stock-price movements. No such causal relationship is asserted as an established fact at this stage.

The inclusion of TradingView in this statement is intended to identify a potential subject for technical investigation. It does not constitute an allegation of wrongdoing by TradingView or its operator, nor does it establish a legal basis for damages against them.

**6. Evidence and Verification**

Plaintiff intends to distinguish documented facts from estimates, interpretations, and preliminary hypotheses. Relevant materials for further examination may include:

1. Personal brokerage statements and transaction histories for SPX, SPY, VOO, and QQQ.
2. Historical prices, index data, and market capitalization figures for clearly defined dates.
3. The methodology and calculations used to estimate any alleged excess market valuation.
4. Available computer hardware specifications, software records, and relevant system logs.
5. Evidence identifying any specific conduct by a proposed defendant and connecting that conduct to a legally recognized injury.

Plaintiff acknowledges that observations alone do not establish causation. The scope and amount of any claim may need to be revised after verification of the relevant records and review of the applicable law.

**7. Legal Basis and Jurisdiction**

Plaintiff requests that the Court consider the claims only to the extent that a valid cause of action, subject-matter jurisdiction, and the other requirements for federal court proceedings can be established.

Plaintiff understands that the proposed amount of up to $45 trillion does not independently establish federal jurisdiction or a right to compensation. The legal basis for each claim, the proper defendants, and the connection between the alleged conduct and any legally recoverable injury must be identified and supported.

**8. Requested Relief**

Subject to establishing a valid legal basis and satisfying the applicable jurisdictional and procedural requirements, Plaintiff requests such relief as may be available under applicable law.

Plaintiff further requests an objective assessment of any properly supported evidence concerning the relevant market movements and alleged injury.

The proposed amount of up to $45 trillion is preliminary and subject to revision. Plaintiff does not represent that this amount has been proven to be owed by any particular company, that all companies represented in the relevant indexes are liable, or that the proposed technical hypotheses have been established as facts.

**SEC Submission Reference**

Plaintiff previously submitted information concerning the matters described in this statement to the U.S. Securities and Exchange Commission (SEC). The reference ID associated with that submission is HO::~01619036~::HO.

Plaintiff provides this reference to identify the prior submission and to assist in locating the corresponding records, if necessary. Plaintiff does not represent that the SEC has verified Plaintiff's research, confirmed the alleged causes of market movements, commenced an investigation, or determined that Plaintiff is entitled to compensation. Any such determination remains subject to confirmation by the SEC or other appropriate authority.

Plaintiff may provide the available submission confirmation or related correspondence as an exhibit, if relevant and appropriate.

**Clarification Regarding Individual Persons, Harassment Allegations, and Points of Contact**

This filing is intended to address Plaintiff's proposed claims and research concerning stock-market movements, potential market-valuation changes, and the related matters described in this statement.

Plaintiff is not seeking, through this filing, to bring a separate harassment complaint against any individual or to assert personal allegations against named persons who are not identified as defendants on a legally supported basis.

Any names of individuals, personal contacts, or points of contact that may appear in Plaintiff's background notes or supporting correspondence are provided only for context or identification purposes, where relevant. Their inclusion does not constitute an allegation that they caused, influenced, or were responsible for stock-market movements or any alleged financial injury.

Plaintiff does not request relief against any individual in this action unless that individual is properly identified as a defendant and a legally sufficient claim supported by factual allegations is established.

Any separate concerns about personal interactions or harassment, if applicable, are outside the scope of this proposed market-related claim and may be addressed through the appropriate process separately.

Respectfully submitted,

VINOD KUMAR JAYABALAN

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/16/2026

Signature of Plaintiff: [signature]

Printed Name of Plaintiff: VINOD KUMAR JAYABALAN

### B. For Attorneys

Date of signing: ____________

Signature of Attorney ____________

Printed Name of Attorney ____________

Bar Number ____________

Name of Law Firm ____________

Street Address ____________

State and Zip Code ____________

Telephone Number ____________

E-mail Address ____________